IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SABRINA ANN WAGONER                                                                   PLAINTIFF

v.                                    Civil No. 07-2129

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sabrina Wagoner, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB)pursuant to Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423.  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff filed her application for DIB on October 19, 2005, alleging an onset date of February 1, 2005, due to type I diabetes mellitus ("diabetes") and a seizure disorder. (Tr. 51-55, 96-97, 124).  An administrative hearing was held on May 24, 2007. (Tr. 268-283).  Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 27 years old and possessed a high school education. (Tr. 270, 271).  The record reveals that she had past relevant work experience ("PRW") as a cashier II and general office clerk. (Tr. 88-95, 98-99, 281).

On July 30, 2007, the Administrative Law Judge ("ALJ") determined that plaintiff suffered from a combination of severe impairments, namely diabetes and a seizure disorder, but

did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found that plaintiff maintained the RFC to perform a significant range of sedentary work, subject to an inability to work around heights. (Tr. 14). With the assistance of a vocational expert, the ALJ determined that plaintiff could perform work as a telephone solicitor and switchboard operator. (Tr. 19-20).

The plaintiff appealed this decision to the Appeals Council, but her request for review was denied on September 12, 2007. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 11, 12).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**Discussion**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Records indicate that plaintiff was suffering from Type 1 diabetes. Type 1 diabetes is a condition in which the body does not produce insulin, a hormone that is needed to convert sugar (glucose), starches, and other food into energy needed for daily life. *See* American Diabetes Association, *Type 1 Diabetes*, *at* www.diabetes.org. In November 2006, Dr. Paul Howell, plaintiff's treating endocrinologist, completed an attending physician's statement. (Tr. 178). He indicated that he had begun treating plaintiff in July 2003 due to diabetic ketoacidosis. Her symptoms were said to include lack of energy, depression, fatigue, and hypoglycemic events. A seizure was also noted on at least one occasion. Dr. Howell was of the opinion that her

4

symptoms were severe enough to interfere with her attention and concentration. He also indicated that they were severe enough to affect her ability to tolerate work stress. Dr. Howell concluded that plaintiff would need to take unscheduled breaks during an 8-hour shift, would need adequate provisions to manage her diabetes at work, and would miss about 3 days of work per month due to her impairment or treatment for her impairment. (Tr. 178).

The ALJ dismissed Dr. Howell's assessment, stating that it was not supported by the progress notes submitted by Dr. Howell. While we agree that Dr. Howell's determination that plaintiff would miss 3 days per month of work is not supported by the record, we do not agree that his assessment bears no credibility whatsoever.[1] Given the nature of plaintiff's impairment, we find Dr. Howell's indication that plaintiff would require unscheduled breaks to manage her diabetes at work to be reasonable. Records indicate that plaintiff's condition required that she check her blood sugar levels periodically, eat regular meals, eat snacks, and administer insulin injections.[2] Although some of these breaks can be scheduled, others will be unscheduled based on her experience of symptoms. Because the ALJ failed to take this into consideration when considering plaintiff's RFC, we believe remand is necessary.

We also note that the vocational expert's testimony does not provide substantial evidence for the ALJ's decision. The expert's direct testimony was that a person who could perform

---

[1]It is also significant to note that Dr. Howell's is the only RFC assessment of record.

[2]Even though there is evidence to suggest that plaintiff did not test as often as necessary and also missed doses of insulin, her symptoms still required her to test, eat, and give herself injections numerous times throughout the day. The evidence indicates that plaintiff experienced both high and low blood sugar readings, both of which caused her to experience dizziness and shakiness. (Tr. 277-279). Both also require her to test and either eat something or else administer an insulin injection.

5

sedentary work but could not work near hazards could still perform work as a telephone solicitor and switchboard operator. (Tr. 281). However, on cross-examination, the expert testified that if said person also needed unscheduled breaks to lie down, test, or inject medication, that person would not be able to perform any of the positions she had previously identified. (Tr. 282). Given plaintiff's need for unscheduled breaks, it is clear that the hypothetical the ALJ posed to the vocational expert did not fully set forth the impairments which were supported by the record as a whole. *See Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997); *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). Accordingly, remand is also necessary to allow the ALJ to obtain vocational expert testimony to support his conclusion that plaintiff can return to work that exists in significant numbers in the national economy.

**Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 25th day of February 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE